UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VALERIE SULLIVAN, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 1:21-cv-12126-IT |
| | * |
| ETECTRX, INC., | * |
| | * |
| Defendant. | * |

MEMORANDUM & ORDER

August 30, 2023

TALWANI, D.J.

After the First Circuit affirmed the dismissal of Plaintiff Valerie Sullivan's Second Amended Complaint [Doc. No. 13] as to all individual Defendants and as to all counts except a breach of contract claim against Defendant etectRx, Inc. ("etectRx"), and remanded as to that claim only, see Sullivan v. etectRx, Inc., 67 F.4th 487, 497 (1st Cir. 2023), Sullivan filed the pending Motion for Leave to File a Third Amended Complaint [Doc. No. 55] to add a fraud claim against both etectRx and dismissed Defendant Jeffrey Spafford. EtectRx opposes, contending that (1) the "mandate rule" precludes Sullivan's proposed fraud claim; (2) Sullivan waived her right to amend by failing to seek leave to amend prior to appealing this court's dismissal of her Second Amended Complaint; (3) Sullivan unduly delayed her request to amend by waiting until the conclusion of her appeal; and (4) Sullivan's amendment would be futile, because her fraud claim fails to satisfy Federal Rule of Civil Procedure 9(b). Opposition [Doc. No. 58].

Federal Rule of Civil Procedure 15(a) allows a party to amend "with the court's leave" in instances "when justice so requires." Fed. R. Civ. P. 15(a)(2). "While the rule reflects a liberal

amendment policy…the district court enjoys significant latitude in deciding whether to grant leave to amend." ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55-56 (1st Cir. 2008). "'[U]ndue delay in moving to amend, even standing alone,' can provide a court with adequate grounds to deny leave to amend." Kader v. Sarpeta Therapeutics., Inc., 887 F.3d 48, 60 (1st Cir. 2016) (internal citation omitted). Here, Sullivan states that "[a]ll evidence and events connected to the proposed amendment are in the scope of the Second Amended Complaint." Mot. for Leave to Amend at 5 [Doc. No. 55]. As such, Sullivan could have brought her fraud claim as part of her Second Amended Complaint [Doc. No. 13], her Amended Complaint [Doc. No. 4]—or even as part of her original Complaint [Doc. No. 1]. She offers no excuse for failing to have done so.

The First Circuit has "explicitly condemned a 'wait and see' approach to pleading whereby plaintiffs 'having the needed information, deliberately wait in the wings…with another amendment to a complaint should the court hold the first amended complaint was insufficient." Kader, 887 F.3d at 61. Here, Sullivan maintained her "wait and see" approach even longer than the plaintiff in Kader. See id. (three-month delay sufficient basis to deny leave to amend). Sullivan seeks leave to amend after this court has issued a Memorandum and Order dismissing her Second Amended Complaint [Doc. No. 38], after she has appealed to the First Circuit [Doc. No. 40], and after the First Circuit has reached a decision affirming the dismissal of almost all of her claims—including all of her claims against the individual Defendants, see Sullivan, 67 F.4th at 497. As such, Sullivan has unduly delayed her request for leave to amend. As a result, the court does not reach Defendant's other contentions.

For the foregoing reasons, Sullivan's Motion for Leave to Amend is DENIED.

IT IS SO ORDERED

August 30, 2023                              /s/     Indira Talwani
                                             United States District Judge